OPINION OF THE COURT
Gerald W. Connolly, J.
Currently before the court in this action alleging medical malpractice in the death of Dorothy Miller are the motions of defendants (i) Daniel G. Hafner, M.D., EC., (ii) Kingston Diagnostic Center, and (iii) Mark Chichakly, M.D. seeking an order of the court (a) compelling plaintiff to send a letter to Dr. Donovan, one of plaintiffs decedent’s treating physicians, retracting any objectionable letters previously sent by plaintiff and/or withdrawing and correcting any such letter regarding plaintiffs Arons authorization, (b) providing defendants a copy of such letter, and (c) imposing costs and sanctions and attorneys fees incurred in the making of such motions.* Plaintiff opposes the motion.
Defendant Chichakly served plaintiff with a demand for Arons authorizations from any of decedent’s treating oncologists, including Dr. Donovan. Plaintiffs counsel sent all defendants such authorizations, also sending, however, a letter dated March 23, 2011 to Dr. Donovan. Such letter provided, in pertinent part, as follows:
“Enclosed please find copy of the ‘Aron’s’ authorization, executed by Harold G. Miller, on behalf of the Estate of Dorothy Miller which the court has directed we provide to defense counsel. This authorization permits the defense attorney an opportunity to speak with you regarding the care and treatment you rendered to Ms. Miller, relative to the incident in question.
“The Courts are clear that it is up to the treating physician to make a decision as to if, when and where to meet. The Court also clearly permits a doctor to charge whatever is reasonable and necessary for such meeting to compensate the doctor for his lost time.
*498 “As the attorney representing the plaintiff, I am requesting the right to be present when you speak with defense counsel.
“I assure you and defense counsel that I will not speak, comment or in any way interfere with your conversation.
“Ultimately, the decision to meet with a defendant’s attorney, with or without the presence of the plaintiffs counsel, is completely up to you. You are not under any obligation to meet with the defense attorney or to allow me to be present if you decide . to meet with the defense attorney.
“By copy of this letter to defense counsel, I am putting them on notice of my request that I will await notification, if any, from your office should you determine to permit me to be present if you decide to speak with defense counsel.”
Defendants argue that plaintiff may not impose limitations upon the Arons authorizations including allegedly advising a treating physician of the right not to participate and seeking permission to attend such interview. Defendants argue that plaintiff cannot take any steps to interfere with such physicians speaking with defense counsel. Defendants each cite, inter alia, to the cases of Kleeschulte v Blair (20 Misc 3d 1114[A], 2008 NY Slip Op 51344[U] [Sup Ct, Ulster County 2008, Lynch, J.]) and Prindle v Aronowitz (Sup Ct, Schenectady County, July 17, 2008, Catena, J., index No. 2005-0690). In Kleeschulte and Prindle, the courts held that letters sent to treating physicians unduly interfered with defendants’ rights under Arons. Based upon a review of the record, however, the letter at issue in this case is distinguishable from those in Kleeschulte and Prindle. As noted by the Court of Appeals in Arons, “physicians remain entirely free to decide whether or not to cooperate with defense counsel” (Arons v Jutkowitz, 9 NY3d 393, 416 [2007]). Here, the letter from plaintiffs counsel is not threatening or intimidating. Such letter notes that the treating physician’s participation in such interview is voluntary and requests the right to be present, noting, however, that such presence by plaintiffs counsel is not required. Such letter was made on notice to defendants’ counsel and such letter requested no further communication unless such physician was willing to permit plaintiffs counsel to be present at the interview.
Further, defendants have failed to demonstrate that the Arons decision precludes such a request, particularly in a case such as *499 this where plaintiffs letter makes clear that plaintiffs counsel has no right to be present at such interview and counsel is not insisting that it be present.
The court does not find that such letter has interfered with defense counsel’s right to ask for an ex parte interview with Dr. Donovan, decedent’s treating physician (see generally Peluso v C.R. Bard, Inc., 2010 NY Slip Op 32595[U] [Sup Ct, NY County, Sept. 21, 2010, Lobis, J.]).
Accordingly, based on the record before the court, it is hereby ordered that the motions of the defendants are each denied in their entirety.

 Such motions are now limited to a letter sent to Dr. Donovan as no such letters were sent to any of decedent’s treating physicians other than the March 23, 2011 letter to Dr. Donovan.